UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
UNITED STATES, :
: CASE NO. 1:04-CR-0231
Plaintiff, :
:
v. : OPINION & ORDER
: [Resolving Doc. No. 460]
JAMES HARRIS BEY, :
:
Defendant. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant James Harris Bey, Jr. moves, *pro se*, for clarification or reconsideration of his sentence. [Doc. 460.] The government opposes the motion. [Doc. 480.]

On March 14, 2008, Judge Kathleen O'Malley sentenced Bey, pursuant to a guilty plea, to 60 months imprisonment for one count of conspiracy to counterfeit checks and 80 months imprisonment for four counts of passing forged and counterfeited securities. [Doc. 429.] Judge O'Malley set Bey's sentence on all counts to run concurrent to each other, for a total term of 80 months. [Doc. 249 at 2.] At sentencing, Judge O'Malley noted a potential inconsistency in counting two criminal history points against Bey for a prior state offense, without accounting for the time he served in state custody. Therefore, "taking into consideration those four months that the defendant served in custody in connection with [the state offense] prior to his transfer to federal custody," Judge O'Malley reduced Bey's sentenced by four months, from 84 months to a total of 80 months

Case No. 1:04-CR-0231
Gwin, J.

imprisonment. [Doc. 449 at 126:16-23.] She also gave him "credit for all time served in federal custody which dates back to January of '07[.]" [Doc. 449 at 127:25-128:4, 131:21-23.]

Bey now moves to receive credit "for time spent in pre-trial custody in conjunction with the state offenses," citing in support Judge O'Malley's indication that his federal sentences be served concurrently and four-month sentence reduction. [Doc. 460 at 3.] Bey says that the court "clearly provided for a concurrent sentence for the state court sentenced offenses[,]" and that as a result he should receive credit for time spent in federal custody from January 3, 2007 to June 22, 2007. [Doc. 460 at 2.]

Though a "district court has discretion to order a federal sentence to run either concurrently or consecutively to an undischarged term of imprisonment[,]" *United States v. Gibbs*, 626 F.3d 344, 349 (6th Cir. 2010), Judge O'Malley did not order Bey's federal sentence to be served concurrent to his state sentence. Indeed, on the date of his federal sentencing, Bey's state sentence had already expired.

Moreover, "the power to determine [credit for time served] would lie solely with the Attorney General and the Bureau of Prisons." *Id.* "A defendant convicted of a federal crime has a right under 18 U.S.C. § 3585(b) to receive credit for certain time spent in official detention before his sentence begins." *United States v. Wilson*, 503 U.S. 329, 330 (1992)). However, it is the Attorney General and Bureau of Prisons, not the district court, that computes the credit under 18 U.S.C. § 3585(b) when administering the sentence. *Id.* at 333-336. A district court judge may recommend such credit in the sentencing judgment, but such recommendation does not bind the Bureau of Prisons. *Gibbs*, 626 F.3d at 350-51. Thus, though Judge O'Malley granted Bey credit for time served in federal custody, the authority to compute this credit rests not with this Court but with the Attorney General and

-2-

Case No. 1:04-CR-0231
Gwin, J.

Bureau of Prisons. The proper avenue for a defendant to challenge the calculation or imposition of his sentence, therefore, rests in a petition for writ of habeas corpus filed against the prison warden.

This Court accordingly **DENIES** Bey's motion for clarification or reconsideration.

IT IS SO ORDERED.


Dated: January 31, 2011                    s/      *James S. Gwin*
                                           JAMES S. GWIN
                                           UNITED STATES DISTRICT JUDGE